**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DIANNE MARIE BULLARD,**

      **Petitioner,**

v.                                                                    **Case No:   6:19-cv-143-Orl-EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**
_____/

**ORDER[1]**

Plaintiff, Dianne Marie Bullard, brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIBs") under the Act. Upon review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, the Commissioner's final decision is due to be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

**I.  BACKGROUND**

On July 7, 2015, Plaintiff protectively filed an application for DIBs. (Tr. 211.) She alleged an onset of disability beginning January 29, 2008 due to post traumatic stress disorder ("PTSD"), anxiety disorder, depression, attention deficit disorder ("ADD"), alcoholism, panic attacks,

---

[1] On March 28, 2019, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 11.) The case was referred by an Order of Reference on April 5, 2019. (Doc. 13.)

obsessive compulsive disorder ("OCD"), cervical spine degenerative disc disease, thoracolumbar degenerative disease, and internal derangement of left knee. (Tr. 119–120, 130–131.) Plaintiff later amended her onset date to November 4, 2013.[2] (Tr. 12, 36.) Plaintiff was last insured for disability benefits on March 31, 2014. (Tr. 14, 130.)

Plaintiff's application was denied initially on September 18, 2015, and upon reconsideration, on November 23, 2015. (Tr. 119–129, 130–142.) Plaintiff requested and received a hearing, which was held by videoconference on February 6, 2018, before an ALJ. (Tr. 32–74.) In a decision dated March 19, 2018, the ALJ issued an unfavorable decision and found Plaintiff not disabled. (Tr. 9–31.) On November 28, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1–8.) Plaintiff timely filed this action for judicial review on January 23, 2019. (Doc. 1). Plaintiff has exhausted the available administrative remedies, and therefore, this case is properly before the Court.

## II.    THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 404.1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004).

---

[2] The ALJ's written decision uses the date of November 14, 2013, which appears to be a clerical error. At the hearing, Plaintiff's representative said the amended onset date was November 4, 2013 (Tr. 36) and the parties use this date in the Joint Memorandum (*see generally* Doc. 19). For purposes of this Order, the Court uses the November 4, 2013 onset date.

Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Id.* at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of November 4, 2013 through the date last insured of March 31, 2014. (Tr. 14.) At step two, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments that significantly limited her ability to perform basic work activities: "degenerative disc disease of the back; anxiety, affective, and substance abuse (alcohol) disorders." (*Id.*) At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.)

The ALJ then found that Plaintiff had an RFC for a reduced range of unskilled light work, with the following limitations:

> [O]ccasional climbing, balancing, stooping, kneeling, crouching, and crawling. She cannot walk on uneven surfaces. She is also limited to unskilled work, which is simple, repetitive, and routine. Her supervision must be direct and concrete. She will do best in a work setting where she can frequently work alone. Interpersonal contact with supervisors and co-workers must be incidental to the work performed. She must not be required to work at fast-paced production line speeds. She should only have occasional contact with the general public.

(Tr. 16.)

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as an administrative assistant. (Tr. 22.) Proceeding to step five, the ALJ found that Plaintiff was 44 years old on the date last insured, which is defined as a younger individual (age 18–49), and had at least a high school level of education. (*Id.*) Thus, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in

the national economy that Plaintiff could perform. (*Id.*) Specifically, the Vocational Expert testified that Plaintiff could perform work as a housekeeper/cleaner and conveyor line bakery worker. (Tr. 23.) Ultimately, the ALJ found that Plaintiff was not disabled at any time from November 4, 2013 through March 31, 2014. (*Id.*)

### III. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV. DISCUSSION

Plaintiff raises two issues on appeal: (1) the ALJ erred by failing to consider the retrospective opinion of Plaintiff's treating neurologist, Gary Weiss, M.D., and (2) the ALJ erred

by failing to consider the psychological evaluation of one-time examiner, Wende Anderson, Psy.D. conducted on May 23, 2014. (Doc. 19 at 16, 24.)

**A. Gary Weiss, M.D.**

Plaintiff contends that the RFC finding conflicts with Dr. Weiss's opinion, which the ALJ failed to consider, and therefore, the RFC is not supported by substantial evidence. As noted, the relevant period in this case is from November 4, 2013 through March 31, 2014. (Tr. 14.) Plaintiff began treatment with Dr. Weiss in April 2017. (Tr. 1735.) The opinion at issue is contained in Dr. Weiss's report, authored on January 25, 2018, wherein he reviewed Plaintiff's treatment records from the following medical sources: (1) rheumatologist, Luis Del Rosario, M.D., of December 7, 2015; (2) Deuk Spine Institute of November 2, 2015; (3) Alberto Cabantog, M.D., from February 18, 2016 to April 26, 2016; (4) Brian Dowdell, M.D.'s operative report of August 30, 2016; and cervical and lumbar MRIs from Coast Line Imaging of February 29, 2016. (Tr. 2443.)

Dr. Weiss stated that the applicable timeframe for his report was from October 15, 2014, through January 25, 2018. (*Id.*) Dr. Weiss opined that Plaintiff could sit without interruption for 15 to 30 minutes and could stand or walk without interruption for 5 to 10 minutes. (*Id.*) Plaintiff was limited to a total of 2 hours of sitting and 2 hours of standing/walking in an 8-hour day. (*Id.*) Plaintiff would also be required to lie down or recline at will, for up to 4 hours. (*Id.*) Dr. Weiss opined that Plaintiff should never lift or carry objects, climb, balance, stoop, crouch, kneel, or crawl as that would aggravate her symptoms. (Tr. 2444.) She also could not use her hands or fingers. (Tr. 2443–2444.) Plaintiff would need to miss work three or more times per month. (Tr. 2444.) Further, she could not tolerate stress, even at low levels. (Tr. 2445.) Dr. Weiss based his

opinion, in part, on Plaintiff's "large HNP L3-4 and L4-5,"[3] "neck pain with . . .[changes to] C4-C7 with moderately large HNPs at T2-3 and T3-4," and "protrusion [at] C7-T1." (Tr. 2443.)

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). Thus, it is well established that "[t]he Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986).

A treating doctor's opinion, like Dr. Weiss's, is generally entitled to substantial weight, and an ALJ must articulate good cause for discounting a treating doctor's opinion. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

The parties do not dispute that Plaintiff's last day of insured status was March 31, 2014, and that Dr. Weiss did not author his report regarding Plaintiff's limitations until January 25, 2018, almost four years after her insured status expired. (Doc. 19 at 31, 35; Tr. 2443.) While the Court

---

[3] An HNP is a herniated nucleus pulposus—essentially, a herniated disc.

agrees that the ALJ did not discuss or weigh this opinion, the ALJ was not required to do so. "Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue." *Gordon v. Soc. Sec. Admin., Comm'r*, 625 F. App'x 512, 514 (11th Cir. 2015) (per curiam) (unpublished).

Plaintiff argues that a claimant may rely on retrospective medical opinions, citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) (superseded on other grounds), and *Mason v. Commissioner of Social Security*, 430 F. App'x 830, 832 (11th Cir. 2011) (per curiam) (unpublished). *Boyd* supports the proposition that a treating physician's opinion is entitled to significant weight even where the physician treated the plaintiff after the applicable determination date. 704 F.2d at 1211. *Mason*, in turn, limits *Boyd*'s holding, such that an ALJ has good cause to discount a treating physician's opinion "in the absence of corroborating medical evidence" that the plaintiff suffered a disability during the relevant disability period. 430 F. App'x at 832.

Here, there is no contemporaneous evidence corroborating Dr. Weiss's opinion. The opinion was rendered four years after the expiration of the relevant time period and was based solely on reports and examinations that post-dated the relevant period. Dr. Weiss reviewed Plaintiff's prior records dating back only to October 15, 2014, and did not begin treating Plaintiff himself until April 2017. (Tr. 1735.) Plaintiff has not directed the Court to any case in which a treating physician's opinion, based on no evidence from the relevant time period, was deemed pertinent. As Dr. Weiss's report did not offer an opinion on Plaintiff's condition during the relevant period, the ALJ had good cause to discount the opinion. *See Ward v. Astrue*, No. 3:00-cv-1137-J-HTS, 2008 WL 1994978, at *4 (M.D. Fla. May 8, 2008) (noting that an ALJ should consider evidence from a physician offering an opinion as to a claimant's condition prior to the date last

insured but declining to require the ALJ to do so when the evidence presented was from after the claimant's last insured date).

Despite Dr. Weiss's report failing to include an opinion on Plaintiff's condition during the relevant period, Plaintiff argues that the Deuk Spine Institute records corroborates Dr. Weiss's opinion. This argument lacks merit. On March 27, 2014, Ara Deukmedjian, M.D., recommended Plaintiff undergo a multilevel cervical fusion. (Tr. 410–411.) Dr. Deukmedjian noted that Plaintiff's cervical MRI revealed herniated discs at C4-5 C5-6, and C6-7. (Tr. 407.) Dr. Deukmedjian diagnosed cervicalgia, radiculopathy, kyphoscoliosis, myelopathy, and facet syndrome. (Tr. 409.) She recommended anterior cervical disc fusion ("ACDF") cervical fusion at C4-5, C5-6, and C6-7. (Tr. 411.) The note reflects Plaintiff refused the surgery at the time but did ultimately undergo the surgery on April 29, 2014. (*Id.*)

The thrust of Plaintiff's argument is that if Plaintiff's doctor had recommended that she undergo a multilevel cervical fusion prior to her insured status expiring, she ~~could~~ should not have ~~engaged in~~received an RFC for even limited light work, which supports Dr. Weiss's opinion. For the reasons stated above, Plaintiff has failed to persuade the Court that Eleventh Circuit precedent required the ALJ to consider Dr. Weiss's retrospective opinion. However, the Court will address Plaintiff's argument that the ALJ failed to fully consider the treatment records of Deuk Spine Institute.

It is true that the ALJ did not explicitly address the March 27, 2014 Deuk Spine Institute treatment note in his opinion, but the ALJ did address the fact that Plaintiff had neck surgery in April 2014 and reviewed several other non-orthopedic records from August and September 2014, both of which demonstrated Plaintiff was doing relatively well. (Tr. 21.) For example, Plaintiff's family doctor noted she was exercising at least thirty minutes per day. (*Id.*; Tr. 893.) The ALJ also

looked at two x-rays, taken in July 2014 and October 2014. (Tr. 21.) These cervical x-rays both showed her C4-C7 fusion without evidence of hardware failure or complication. (Tr. 752–753; Tr. 750–751.)

Plaintiff then points the Court to several other *orthopedic* medical records that the ALJ failed to address. Plaintiff states that a July 8, 2014 progress note from Deuk Spine Institute demonstrated she was experiencing recurring neck pain even after surgery; she was given a cervical epidural injection which relieved her neck pain by only 20%. (Tr. 644.) On October 30, 2014, Plaintiff stated she was doing yardwork, had neck pain at level 8/10, and experienced only 50% cervical pain relief post-surgery. (Tr. 400.)[4]

Both of these records are, again, outside the relevant timeframe. Plaintiff argues that they are clearly corroborative of Plaintiff's ongoing cervical issues, and thus, her RFC for limited light work cannot be supported by medical evidence. However, the ALJ recognized that Plaintiff needed a cervical fusion surgery in his opinion. (Tr. 21.) After recognizing the surgery, the ALJ concluded that Plaintiff could perform a limited range of light work, and this conclusion is supported by substantial evidence based on the ALJ's finding that Plaintiff appeared physically fit, had no obvious physical disabilities, exercised at least thirty minutes per day, attended culinary school, and was released without limitations by her primary care doctor. (Tr. 22.) Therefore, there is no reason to remand the case based on the ALJ's decision not to consider the retrospective medical opinion of Dr. Weiss.

---

[4] Plaintiff also points to a December 4, 2014 record from Viera Orthopedics which Plaintiff states demonstrates she was experiencing ongoing cervical pain. However, a review of those records highlights that Plaintiff was complaining of shoulder pain at that visit. (Tr. 414–415.)

### B. Wende Anderson, Psy.D.

For similar reasons, the ALJ did not err by failing to consider the opinion of one-time examiner, Wende Anderson, Psy.D. Dr. Anderson evaluated Plaintiff on May 24, 2014 for symptoms of PTSD, depression, and substance abuse. Again, this evaluation took place after the relevant timeframe. Dr. Anderson based her opinion on her interview with Plaintiff, Plaintiff's results on the Montreal Cognitive Assessment and MMPI-2, and a review of Plaintiff's records (the date range of which is unknown). (Tr. 350.) Notably, Dr. Anderson diagnosed Plaintiff with PTSD, panic disorder, mood disorder, and alcohol abuse. (Tr. 358.) In pertinent part, Dr. Anderson opined "[s]ocial, scholastic, and work-related functional impairments were noted, as were significant cognitive difficulties. Difficulties with impulse control, as evidenced by her irritability, and her angry outbursts, were quite evident and likely to substantially negatively impact her employability." (Tr. 359.) Dr. Anderson strongly recommended that Plaintiff pursue individual therapy with her current therapist, Ms. French. (*Id.*)

The opinion of a one-time consultative examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). As such, Dr. Anderson's opinion was not entitled to deference because she saw Plaintiff on only one occasion. Tr. 350. Moreover, the ALJ did not err in failing to discuss Dr. Anderson's opinion. Again, Plaintiff's relevant disability period ended on March 31, 2014. Dr. Anderson did not consult with Plaintiff until May 24, 2014. (Tr. 350.) And the Court does not read Dr. Anderson's report as providing a retrospective opinion entitled to consideration. *Mason*, 430 F. App'x at 832. Moreover, even if it did provide a retrospective opinion, Plaintiff does not point the Court to any records during the relevant timeframe that would corroborate Dr. Anderson's opinion. *See id.* In fact, during the relevant timeframe, as to Plaintiff's mental health, Plaintiff reported she was feeling better, had started culinary school, had no sleep

disturbances, and was not in acute distress. (Tr. 18–20, 916, 918.) Her recent and remote memory were not impaired, and she was not irritable. (*Id.*) The ALJ also noted that Ms. French, Plaintiff's therapist, believed Plaintiff had made some progress but closed her case in November 2014 due to lack of contact with Plaintiff. (Tr. 21, 371.) Therefore, the ALJ's failure to discuss Dr. Anderson's opinion also does not warrant a remand in this case.[5]

V. **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[5] The Court does not address Plaintiff's argument regarding the ALJ's mistaken reliance on a Single Decision Maker, brought up for the first time in Plaintiff's reply. (Doc. 19 at 38; Tr. 22, 119–127.) While the Commissioner concedes it was error for the ALJ to place great weight on the Single Decision Maker's decision, Plaintiff has waived the issue due to her limited analysis of this argument. (Doc. 19 at 34 n.7); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (unpublished) (stating plaintiff waives issue where he did not elaborate on the claim or provide citation to authority about the claim).